IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAECEO DICKEY,                           )
                                         )
         Plaintiff,                      )
                                         )
         v.                              )          Case No. 3:14-cv-1024-NJR-DGW
                                         )
RICHARD HARRINGTON, NICHOLAS             )
BEBOUT, DAVID EALEY, REBECCA             )
STEFANI, and C/O HOLMES,                 )
                                         )
         Defendants.                     )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B),

Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation

on the question of whether Plaintiff exhausted his administrative remedies prior to filing this

lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons

set forth below, it is **RECOMMENDED** that the Motions for Summary Judgment filed by

Defendants Bebout, Ealey, Harrington, and Stefani be **DENIED** (Doc. 41), and that the Court

adopt the following findings of fact and conclusions of law.

### INTRODUCTION

Plaintiff, Maceo Dickey, filed a Complaint on September 19, 2014 (Doc. 1) related to his

incarceration at the Menard Correctional Center for events that occurred on October 17, 2013

and thereafter.  Plaintiff alleges that on that date, he was assaulted by three correctional officers,

Defendants Ealy, Bebout, and Holmes (along with other unknown correctional officers) who

painfully twisted his arms and wrists, punched him, kneed him, and rammed his head into walls (causing him to lose consciousness), as they were attempting to handcuff him.  These Defendants allegedly continued to beat him when he was taken to the health care unit.  While there, Defendant Stefani (a nurse) refused to treat his injuries (Plaintiff believed he had a rib cage injury and he had trouble breathing) and only applied alcohol to his bleeding and bruised face. Upon being released, Defendants Holmes and Bebout escorted him to his cell and threatened more beatings if Plaintiff said anything – Plaintiff was then placed in segregation.  Two days later, while he was still in pain and had difficulty breathing, he returned to the infirmary where another nurse, Defendant Missy (who has been dismissed) failed to adequately treat his injuries or give him adequate pain medication.  Plaintiff was subsequently subjected to a disciplinary hearing where the most notable charge was attempted assault – he was sanctioned with 2 years' segregation among other punishments.

Defendants Bebout, Ealey, Harrington, and Stefani[1] have filed a Motion for Summary Judgment on the issue of exhaustion on January 8, 2015 (Doc. 41).  Plaintiff filed a response on January 21, 2015 (Doc. 44).  On March 5, 2015, this Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) in which Defendants appeared by counsel and Plaintiff appeared by video-conference.

### FINDINGS OF FACT

As noted above, the incidents giving rise to the Complaint occurred on October 17, 2013. Plaintiff filed his Complaint on September 1, 2014.

It is undisputed that on October 30, 2013, Plaintiff submitted an emergency grievance in

---

[1] It is **RECOMMENDED** that the Clerk of Court be DIRECTED to change the spelling of Defendants' names in the docket as reflected by the caption of this Report and Recommendation.

which he complained about the assault on October 17, 2013 in addition to the lack of adequate medical care (Doc. 42-1, pp. 8-11).   The grievance was found to be not an emergency on November 4, 2013 (Doc. 42-1, p. 8).   The form directs an inmate to "submit this grievance in the normal manner" (*Id.*).   Plaintiff mailed his emergency grievance to the ARB, which received it on December 20, 2013 (Doc. 42-1, p. 7).   The grievance was, however, rejected as "Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further" (Doc. 42-1, p. 7).   At some point during this time period (Defendants are not clear), Plaintiff was transferred to the Pontiac Correctional Center.   Plaintiff also apparently submitted the same grievance to the grievance officer at Pontiac.   It was received on December 18, 2013 and rejected as being untimely (Doc. 44, p. 5).

At the hearing, Plaintiff testified that he received the response from the Warden around November 4, 2013 and he was transferred to Pontiac on November 21, 2013.   He further testified that while he had a copy of the grievance with him, he did not receive his property until a few weeks later.   His property contained the stamped envelopes and pens that he needed to mail his grievance to the ARB in order to perfect his appeal.   Plaintiff noted that he mailed the appeal to the ARB early in December, 2013.

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate Athat there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.@ FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833,

836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is Athe put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.@ *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See*

*Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or

irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a).   The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).   The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue."   *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009).   If further remedies are unavailable to the prisoner, he is deemed to have exhausted.   *Id.*   Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions.   *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).   An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

Defendants argue that Plaintiff received a response to his October 30, 2013 grievance on November 4, 2013 but that he did not appeal the rejection until December 20, 2014, more than 30 days "after the date of the decision." Ill. Admin. Code § 504.850(a).   However, this Court finds that the grievance process was made unavailable to Plaintiff during his transfer to Pontiac because he did not have the means (i.e. the stamped envelopes and pens) to mail his appeal to the ARB.   Defendants have provided no evidence or argument that Plaintiff was able to perfect his appeal without access to his property.   Accordingly, this Court finds that Plaintiff exhausted his

administrative remedies as to the moving Defendants.

RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Motion for Summary Judgment filed by Defendants Bebout, Ealey, Harrington, and Stefani be **DENIED** (Doc. 41), that the Clerk of Court be **DIRECTED** to change the docket sheet to reflect to the true spelling of Defendants' names, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 6, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**