IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAECEO DICKEY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-CV-1024-NJR-DGW |
| RICHARD HARRINGTON, NICHOLAS BEBOUT, DAVID EALEY, REBECCA STEFANI, and C/O HOLMES,[1] | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 48), recommending that Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 41) be denied.

Plaintiff Maeceo Dickey, an inmate in the Illinois Department of Corrections, filed this lawsuit on September 19, 2014, against various prison officials at Menard Correctional Center. A number of his claims have been dismissed (Docs. 8, 31), and this matter is currently proceeding on the following counts:

- Count 1—an Eighth Amendment claim for excessive force against Defendants Richard Harrington, David Ealey, Nicholas Bebout, and C/O Holmes;

---

[1] The Complaint named the Defendant as C/O Holmes (Doc. 1; Doc. 8), however, there is no correctional officer with that name at Menard (Doc. 25). Dickey has indicated that he named C/O Holmes by mistake, and the correct Defendant is C/O Harris (Doc. 27). Dickey has submitted an amended complaint (Doc. 37) that has not yet been screened by the Court. As such, C/O Harris has not been served, and the docket still reflects C/O Holmes is a Defendant.

- Count 2—an Eighth Amendment claim for deliberate indifference against Defendant Rebecca Stefani;

- Count 3—a state law claim for assault and battery against Defendants David Ealey, Nicholas Bebout, and C/O Holmes;

- Count 4—a state law claim for intentional infliction of emotional distress against Defendants David Ealey, Nicholas Bebout, and C/O Holmes.

Defendants Richard Harrington, David Ealey, Nicholas Bebout, and Rebecca Stefani moved for summary judgment arguing that Dickey failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (Doc. 41). Dickey filed a response in opposition to the motion for summary judgment (Doc. 44). On March 5, 2015, Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion as outlined in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). The following day, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 48). Objections to the Report and Recommendation were due on or before March 23, 2015. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). Neither party filed an objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear

error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and adopts the Report and Recommendation in its entirety.

Dickey submitted an emergency grievance on October 30, 2013, complaining about all of the events at issue. The warden determined that the grievance was not an emergency and returned it to Dickey on November 4, 2013. Under the Illinois Administrative Code, Dickey had thirty days to appeal to the Administrative Review Board ("ARB"). ILL. ADMIN. CODE tit. 20, § 504.850(a). But Dickey was unable to mail his appeal to the ARB until early December because he was transferred to Pontiac Correctional Center on November 21, 2013, and he did not receive his property—including his pens and stamps needed to mail his appeal—until a few weeks later. The ARB received Dickey's appeal on December 20, 2013, and rejected it for being submitted outside the timeframe. Nevertheless, Dickey is deemed to have exhausted his administrative remedies because the grievance process was rendered unavailable during his transfer to Pontiac when he did not have access to his property and therefore did not have the means to mail his appeal to the ARB.

For this reason, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 48), and **DENIES** Defendants' Motion for Summary Judgment

on the Issue of Exhaustion (Doc. 41).

**IT IS SO ORDERED.**

**DATED:  April 23, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**
