IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAECEO DICKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-1024-NJR-DGW |
| ) | |
| RICHARD HARRINGTON, NICHOLAS ) | |
| BEBOUT, C/O HOLMES, DAVID EALEY, ) | |
| and REBECCA STEFANI, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Amend Complaint filed by Plaintiff, Maeceo Dickey, on December 19, 2015 (Doc. 37) which is **GRANTED**, the Motion for an Order Compelling Discovery filed by Plaintiff on March 12, 2015 (Doc. 51) which is **DENIED**, the Motion for Recruitment of Counsel filed by Plaintiff on March 16, 2015 (Doc. 53) which is **DENIED**, the Motion for Protective Order filed by Plaintiff on April 16, 2015 (Doc. 58) which is **DENIED**, the Motion to have Witnesses Subpoenaed filed by Plaintiff on April 24, 2015 (Doc. 62) which is **DENIED WITHOUT PREJUDICE**, and the Motion to Appoint Counsel filed by Plaintiff on June 9, 2015 (Doc. 65) which is **DENIED**.  Also before the Court are "Admission to establish basic facts" filed by Plaintiff on April 10, 2015 (Doc. 57) and "Declarations" filed by Plaintiff on January 21, 2015 (Doc. 44) and March 11, 2015 (Doc. 52), respectively which are **STRICKEN**.

**Admission (Doc. 57) and Declarations (Docs. 44 and 52)**

The Declarations (Docs. 44 and 52) are statements of evidence -- what witnesses Plaintiff believes would be helpful to his case and information as to the grievance process.   The Admission

(Doc. 57) further appears to be a statement as to evidence and interrogatories to Defendants. Such information should not be filed with the Clerk of Court but should be served upon Defendants. Plaintiff is reminded that he does not need to file discovery in this case with the Clerk of Court unless specifically instructed by the Court. Plaintiff is directed to the Scheduling Order (Doc. 64). These three documents are accordingly **STRICKEN** (Docs. 44, 52, and 57).

**Motion to Amend (Doc. 37)**

This Motion is **GRANTED**. Federal Rule of Civil Procedure 15(a)(1) provides that Plaintiff may amend his pleading once as a matter of course during two specified time periods, within 21 days of service of the complaint, or within 21 days of service of the answer. Plaintiff filed this motion in between those two time periods, on December 19, 2014. Accordingly, he correctly filed a Motion. Rule 15(a)(2) provides that a pleading may be amended by leave of court and that "the court should give leave when justice so requires." Leave may be denied if "the moving party unjustifiably delayed in presenting its motion to the court, repeatedly failed to cure deficiencies, or if the amendment would be futile." *Gandhi v. Sitara Capital Management, LLC.*, 721 F.3d 865, 868-869 (7th Cir. 2013).

Plaintiff seeks to amend his complaint to replace Defendant Holmes with "C/O Harris." In all other respect, the proposed amended complaint appears identical to the original complaint. In light of this amendment, Plaintiff is hereby proceeding on the following claims, which the parties will refer to in any future pleadings/motions:

> **Count 1:** Eighth Amendment claim against Defendants Ealy, Bebout, and C/O Harris for using excessive force against Plaintiff on or about October 17, 2013, and against Defendant Harrington for condoning the practice of using excessive force against Menard prisoners;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Defendant Nurse Stephanie, for refusing to examine Plaintiff for injuries immediately following the beating on October 17, 2013.

>**Count 3:** Assault/battery claim against Defendants Ealy, Bebout, and Harris for physically assaulting Plaintiff on or about October 17, 2013;
>
>**Count 4:** Claim for intentional infliction of emotional distress against Defendants Ealy, Bebout, and Harris for beating Plaintiff on or about October 17, 2013, and against Defendant Harris for threatening Plaintiff with bodily harm if he reported the assault.

These claims are identical to those set forth by the District Court on October 16, 2014 with the only change being the substitution of Harris for C/O Holmes.

The Clerk of Court is **DIRECTED** to docket the Amended Complaint submitted on December 19, 2015.   Defendants shall file a responsive pleading within the time provided by Rule 15.   The Clerk of Court shall prepare for **Defendant C/O Harris**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summon) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms and copies of the amended complaint and this Memorandum and Order to Defendant's places of employment as identified by Plaintiff.   If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**Motion for an Order Compelling Discovery (Doc. 51)**

This Motion is **DENIED.**   Plaintiff seeks an Order compelling the production of certain photographs and policies/rules.   Defendants filed a response (Doc. 55) in which they indicate that Plaintiff has not served any discovery requests upon them.   Plaintiff may not compel the production of documents until he has first served discovery requests upon Defendants and the requirements of Federal Rule of Civil Procedure 37 have been met.   Plaintiff is directed to the Scheduling Order (Doc. 64).

**Motions for Recruitment of Counsel (Docs. 53 and 65)**

These Motions are **DENIED**. Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

The Court has had an opportunity to observe Plaintiff at the hearing held on March 5, 2015 and has reviewed the many filings Plaintiff has submitted to the Court. While Plaintiff is not a lawyer and has made a few missteps in filing documents, he otherwise appears competent to try this matter without the assistance of counsel. Plaintiff's pleadings are legible, he appears to have an understanding of his claims, and he is capable of seeking relief. While Plaintiff may face difficulties in light of his incarceration, such difficulties, including the ability to file documents

and motions in a timely manner, can be alleviated by extensions of time. Counsel will not be recruited in this matter.

**Motion for Protective Order (Doc. 58)**

This Motion is **DENIED**. Plaintiff states in general that Defendants' discovery requests are burdensome. Plaintiff has not attached any discovery requests to his motion nor has he indicated in what manner the discovery requests are burdensome. Plaintiff is directed to review Federal Rules of Civil Procedure 26 through 37, and in particular Rules 33 and 34, which outline how to request and respond to discovery requests. In addition, this Court recently issued a Scheduling Order (Doc. 64) which outlines the discovery process, deadlines, and limitations. Plaintiff should have received or will shortly receive various discovery from Defendants. After reviewing the discovery received, Plaintiff will be better able to request additional documents or interrogatory answers.

**Motion for Witness Subpoenas (Doc. 62)**

This Motion is **DENIED WITHOUT PREJUDICE**. At this stage of the litigation, it is premature to issue subpoenas for witnesses to appear at trial. Once the trial date is closer in time, such subpoenas will issue if necessary and appropriate.

## CONCLUSION

For the foregoing reasons the Motion to Amend Complaint filed by Plaintiff, Maeceo Dickey, on December 19, 2015 is **GRANTED** (Doc. 37), the Motion for an Order Compelling Discovery filed by Plaintiff on March 12, 2015 is **DENIED** (Doc. 51), the Motion for Recruitment of Counsel filed by Plaintiff on March 16, 2015 is **DENIED** (Doc. 53), the Motion for Protective Order filed by Plaintiff on April 16, 2015 is **DENIED** (Doc. 58), the Motion to have Witnesses Subpoenaed filed by Plaintiff on April 24, 2015 is **DENIED WITHOUT PREJUDICE** (Doc.

62), the Motion to Appoint Counsel filed by Plaintiff on June 9, 2015 is **DENIED** (Doc. 65), and, the Declarations and Admissions filed on January 21, 2015 (Doc. 44), March 11, 2015 (Doc. 52), and April 10, 2015 are **STRICKEN**.

**IT IS SO ORDERED.**

**DATED: June 12, 2015**

                              **DONALD G. WILKERSON**
                              **United States Magistrate Judge**